T.C. Memo. 2011-34

UNITED STATES TAX COURT

JOANNA SUE MARTINEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2156-10.                    Filed February 7, 2011.

Joanna Sue Martinez, pro se.

<u>Suzanne M. Warren</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $2,160 in petitioner's Federal income tax for 2006.  The issue for decision is whether petitioner is entitled to deduct employee business expenses, primarily a mileage allowance for business use of her automobile.  All section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Nevada at the time that she filed her petition.

During 2006, petitioner was employed by Southern Nevada Labs as a phlebotomist. Her agreement with her employer was that she would be paid $900 every 2 weeks to visit 60 patients, draw blood for testing, and return the blood to the lab. Petitioner drove her own vehicle to visit the patients and return the blood to the lab. She also purchased some supplies but was provided essential supplies by her employer. She was employed in this manner for approximately 6 months.

Petitioner's 2006 Federal income tax return was prepared by an individual in his own home who did not sign the return as a preparer. On Schedule A, Itemized Deductions, petitioner claimed $820 for miscellaneous items and $17,355 in vehicle expenses, based on 39,000 miles driven and 100 percent business use of her automobile. The notice of deficiency disallowed the deductions for lack of substantiation.

OPINION

In her petition, petitioner alleged that she traveled an average of 100 miles a day to see various patients and to return collected blood to the lab where she was employed. She alleged

that she did not keep track of each patient, that she discarded records of her mileage after 2 years, that she purchased uniforms, and that she did not save receipts.

In her testimony at trial, petitioner described her duties and the types of items purchased but did not provide any information from which the actual mileage driven or the expenses actually incurred could be determined. She acknowledged that the claim of 39,000 miles was inconsistent with the 100 miles per day average alleged in her petition and her testimony that she worked only part of the year. She implied that the return preparer had provided the mileage estimate and asserted that she would consult a professional preparer in the future. It is apparent from her testimony that the mileage logs she claimed to have kept were not the basis for the amounts claimed on her return.

Section 274(d) requires that certain expenses, including business use of a vehicle, must be substantiated by adequate records or by sufficient evidence corroborating the taxpayer's statement as to time, place, and business purpose. Petitioner testified that she had contacted her former employer in an effort to find records that would help reconstruct her business use of her vehicle during 2006. Although she was afforded the opportunity after trial to secure and produce to respondent such records, she did not do so. We cannot, therefore, allow any deduction for business use of her vehicle.

With respect to the other expenses claimed, totaling $820, we might have estimated the amount of allowable deductions if provided with sufficient information to make an estimate.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In cases in which the Cohan principle is applied and estimates are accepted, we bear heavily against "the taxpayer whose inexactitude is of * * * [her] own making."  Id. at 544.  We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made.  See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Petitioner has not provided such evidence.

For the reasons stated,

Decision will be entered

for respondent.